IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MINDY M. HOUCK,

      Plaintiff,

      v.

CORRECTIONS CORPORATION,
OF AMERICA,

      Defendant.

Case No. 15-9586-JAR-TJJ

**MEMORANDUM AND ORDER**

    Plaintiff Mindy M. Houck filed this action seeking monetary damages against Defendant, Corrections Corporation of America ("CCA"), alleging that CCA was negligent in failing to provide a safe environment for Plaintiff in her prison cell. Plaintiff also alleges that her privacy has been invaded by CCA because it disseminated personal information regarding Plaintiff's minor child to other inmates. This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 4) for lack of subject matter jurisdiction and alternatively, failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(1) and (b)(6). For the reasons explained in detail below, the Court directs Plaintiff to supplement her response to the jurisdictional challenge.

**I.    Background**

    The following facts are alleged in the Complaint and construed in the light most favorable to Plaintiff. Defendant CCA is a for-profit Maryland corporation with its principal place of business located in Nashville, Tennessee. Plaintiff Mindy Houck is currently domiciled in the State of Minnesota as an inmate at FCC Waseca, Minnesota. At all relevant times, CCA owned and/or operated the Leavenworth Detention Center located in Leavenworth, Kansas.

Plaintiff was placed as an inmate at the Leavenworth Detention Center in October 2013. Plaintiff was placed in a housing unit, commonly referred to as a "pod," and was assigned to a second-tier bunk. On or about November 16, 2013, Plaintiff fell while attempting to access her bunk and suffered severe injuries to her face and right arm, requiring surgery. At no time was Plaintiff provided with a ladder or other means by CCA to access her bunk, but was instructed instead to use storage boxes or totes to climb up to her bunk.

During her term of incarceration at CCA, information regarding Plaintiff's minor daughter was published on other inmates' Disciplinary Reports without cause, justification, or reason. Plaintiff's daughter's name and current address were listed on Disciplinary Reports issued to at least four inmates who bore no relation to Plaintiff or her underlying criminal case. At no time did Plaintiff give her consent, express or implied, for CCA to publish and disseminate information and data about Plaintiff's daughter.

Plaintiff claims that CCA was negligent in failing to provide a safe environment for Plaintiff in her cell. Plaintiff also claims that Defendant's actions were an unwarranted invasion of her privacy.

**II.   Discussion**

Defendants first move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[1] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal citations omitted)).

lacking.[2] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3] Mere conclusory allegations of jurisdiction are not enough.[4]

Generally, a Rule 12(b)(1) motion takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[5] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[6]

Defendant argues that Plaintiff has failed to show that this Court has diversity jurisdiction under 28 U.S.C. § 1332. In her Complaint, Plaintiff states her domicile is in Minnesota, where she is currently incarcerated. As Defendant notes, however, the Tenth Circuit has adopted the view that "a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state."[7] Plaintiff responds that because Defendant makes a facial attack on the complaint, this Court must accept the allegations in the complaint as true.[8] Because Defendant does not challenge whether Plaintiff is a citizen of

---

[2]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3]*Montoya*, 296 F.3d at 955.

[4]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[5]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

[6]*Id.* at 1003 (citation omitted).

[7]*Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

[8]*Holt*, 46 F.3d at 1002–03.

Minnesota for diversity jurisdiction purposes, Plaintiff argues that her allegations in the Complaint that she is domiciled in Minnesota must be accepted as true.

The Court disagrees with Plaintiff's characterization of Defendant's challenge. While Plaintiff's summary of the law is correct, the Court finds that Defendant factually challenges whether Plaintiff is a citizen of Minnesota based merely on her incarceration there. Although Defendant does not argue that Plaintiff is a citizen of a particular state, it remains Plaintiff's burden to establish that jurisdiction is proper. Plaintiff merely stands on her Complaint and does not address the question raised by Defendant—as a prisoner, where is Plaintiff's domicile for purposes of diversity jurisdiction? Further complicating the Court's review of the issue, Defendant failed to file a reply to Plaintiff's response, raising the question of whether its initial challenge remains an issue.

Nonetheless, the Court is compelled to resolve the jurisdictional question. "In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action."[9] Federal jurisdiction under § 1332 requires complete diversity of citizenship between the plaintiff and defendants and an amount in controversy exceeding $75,000; no defendant can be from the same state as any plaintiff.[10] Thus, this Court has diversity jurisdiction if Plaintiff is not a citizen of the same state as Defendant CCA. The Court takes judicial notice that Plaintiff's underlying criminal proceedings were brought in the Western District of Missouri; there is nothing in that case, however, that indicates Plaintiff's state of citizenship before her incarceration.[11] Accordingly, the Court directs Plaintiff to supplement her response to the Rule 12(b)(1) motion within **fourteen (14) days of**

---

[9] *Entek GRB, LLC v. Stull Ranches, LLC*, 113 F. Supp. 3d 1113, 1123 (D. Colo. 2015) (citing *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980)).

[10] *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005).

[11] *United States v. Houck*, No. 13-cr-00315 (W.D. Mo).

**this Order** with an affidavit addressing Plaintiff's place of citizenship under the standards set forth in *Smith v. Cummings*.[12] The Court defers ruling on the Rule 12(b)(6) motion to dismiss until the jurisdictional issue is resolved.[13]

**IT IS SO ORDERED.**

Dated: April 7, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[12] 445 F.3d at 1260.

[13] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) ("When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction.").