IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MINDY M. HOUCK,

    Plaintiff,

    v.

CORRECTIONS CORPORATION,
OF AMERICA,

    Defendant.

Case No. 15-9586-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Mindy M. Houck filed this action seeking monetary damages against Defendant, Corrections Corporation of America ("CCA"), alleging that CCA was negligent in failing to provide a safe environment for Plaintiff in her prison cell. Plaintiff also alleges that her privacy has been invaded by CCA because it disseminated personal information regarding Plaintiff's minor child to other inmates. This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 4) for lack of subject matter jurisdiction and alternatively, failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(1) and (b)(6). At the Court's direction, Plaintiff has proffered a supplemental affidavit regarding jurisdiction (Doc. 19). For the reasons explained in detail below, the Court denies Defendant's motion.

### I.   Background

The following facts are alleged in the Complaint and construed in the light most favorable to Plaintiff. Plaintiff has submitted an affidavit addressing jurisdictional issues, as directed by the Court. Defendant CCA is a for-profit Maryland corporation with its principal place of business located in Nashville, Tennessee. Plaintiff Mindy Houck is currently domiciled in the State of Minnesota as an inmate at FCC Waseca, Minnesota. Prior to her incarceration,

Plaintiff was a resident of Kansas City, Missouri, and upon her release from custody in April 2017, plans to remain domiciled in Missouri.  At all relevant times, CCA owned and/or operated the Leavenworth Detention Center located in Leavenworth, Kansas.

Plaintiff was placed as an inmate at the Leavenworth Detention Center in October 2013. Plaintiff was placed in a housing unit, commonly referred to as a "pod," and was assigned to a second-tier bunk.  On or about November 16, 2013, Plaintiff fell while attempting to access her bunk and suffered severe injuries to her face and right arm, requiring surgery.  At no time was Plaintiff provided with a ladder or other means by CCA to access her bunk, but was instructed instead to use storage boxes or totes to climb up to her bunk.

During her term of incarceration at CCA, information regarding Plaintiff's minor daughter was published on other inmates' Disciplinary Reports without cause, justification, or reason.  Plaintiff's daughter's name and current address were listed on Disciplinary Reports issued to at least four inmates who bore no relation to Plaintiff or her underlying criminal case. At no time did Plaintiff give her consent, express or implied, for CCA to publish and disseminate information and data about Plaintiff's daughter.

Plaintiff claims that CCA was negligent in failing to provide a safe environment for Plaintiff in her cell.  Plaintiff also claims that Defendant's actions were an unwarranted invasion of her privacy.

## II.  Discussion

### A.  Rule 12(b)(1)

Defendant first moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Federal courts are courts of limited jurisdiction and, as such, must have a statutory

or constitutional basis to exercise jurisdiction.[1]  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3]  Mere conclusory allegations of jurisdiction are not enough.[4]

Generally, a Rule 12(b)(1) motion takes one of two forms:  a facial attack or a factual attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[5]  "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[6]

Defendant argues that Plaintiff has failed to show that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  In her Complaint, Plaintiff states her domicile is in Minnesota, where she is currently incarcerated.  As Defendant notes, however, the Tenth Circuit has adopted the view that "a prisoner is presumed to be a citizen of the state of which he was a citizen before his

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal citations omitted)).

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3] *Montoya*, 296 F.3d at 955.

[4] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

[6] *Id.* at 1003 (citation omitted).

incarceration, even if he is subsequently incarcerated in another state."[7]  Plaintiff avers that she was domiciled in Missouri prior to her incarceration and intends to return to Missouri upon her release.

"In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action."[8]  Federal jurisdiction under § 1332 requires complete diversity of citizenship between the plaintiff and defendants and an amount in controversy exceeding $75,000; no defendant can be from the same state as any plaintiff.[9]  This Court is satisfied that it has diversity jurisdiction, as Plaintiff is not a citizen of the same state as Defendant CCA, and Defendant's motion is denied.

### B.  Rule 12(b)(6)

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."[10]  The allegations must be enough that the plaintiff plausibly has a claim for relief.[11]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[12]  As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]'

---

[7] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

[8] *Entek GRB, LLC v. Stull Ranches, LLC*, 113 F. Supp. 3d 1113, 1123 (D. Colo. 2015) (citing *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980)).

[9] *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005).

[10] *Twombly*, 550 U.S. at 555.

[11] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

devoid of 'further factual enhancement.'"[13]  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

Defendant moves to dismiss both of Plaintiff's claims under Kansas law.  The Court addresses each claim in turn.

### 1. Negligence

In order to establish liability for negligence against a defendant, including a governmental agency, a plaintiff must establish:  (1) the defendant owed a duty to the plaintiff; (2) the duty was breached; (3) the breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff sustained damages.[15]  The Kansas Court of Appeals has recently held that "the duty of a jailer to exercise reasonable care to those in custody is triggered by actual or constructive knowledge of an unreasonable risk that the prisoner will be subjected to physical harm."[16]

Defendant argues that Plaintiff's Complaint provides no facts to support a claim that Defendant had actual or constructive knowledge of any unreasonable risk of harm to Plaintiff; specifically, that Plaintiff alleges no physical limitations that would impede her ability to get into and out of the top bunk, nor any previous similar incidents that would put Defendants on notice of a risk of harm, and that the administrative decision not to provide ladders for CCA's bunk beds is based on policy that should be afforded deference.  The Court disagrees.  Plaintiff alleges that there were no ladders provided on the bunk beds, and that she was instructed by Defendant

---

[13]*Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

[14]*Id.*

[15]*Thomas v. Bd. of Shawnee Cnty. Comm'rs*, 262 P.3d 336, 346 (Kan. 2011).

[16]*Rogers v. Bd. of Com'rs of Shawnee Cnty. ex rel. Shawnee Cnty.*, 345 P.3d 295 (Table), 2015 WL 1514019, at *11–12 (Kan. Mar. 27, 2015).

to access her top bunk using unsecured storage boxes and totes. Thus, construing the facts alleged in the light most favorable to Plaintiff, it is plausible that Defendant knew or should have known that a prisoner climbing on unsecured boxes in order to access her bunk would subject that prisoner to an unreasonable risk of harm.

### 2. Invasion of Privacy

Kansas courts have held that an action for invasion of privacy is "a personal right, peculiar to the individual whose privacy is invaded. The cause of action is not assignable, and it cannot be maintained by other persons such as members of the individual's family. . . ."[17] Defendant argues that Plaintiff's claim should be dismissed because the privacy of Plaintiff's minor child was invaded as opposed to that of Plaintiff, and that the information was included in disciplinary reports and not made public knowledge. However, Defendant reads Plaintiff's claim too narrowly: Plaintiff alleges that Defendant disseminated information regarding Plaintiff's minor child to at least four other inmates housed at CCA, in violation of Plaintiff's privacy and as a means to harass Plaintiff. In other words, Plaintiff alleges that her privacy was invaded along with that of her child's, when private information about Plaintiff's family was disseminated to other inmates. Thus, Plaintiff states a plausible claim for invasion of privacy that survives a Rule 12(b)(6) challenge.[18]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant CCA's Motion to Dismiss (Doc. 4) is DENIED.

**IT IS SO ORDERED.**

---

[17]*Nicholas v. Nicholas*, 83 P.3d 214, 228 (Kan. 2004) (citing Restatement (Second) of Torts § 6521 (1976)).

[18]*Id.* (explaining a cause of action for invasion of privacy is not assignable and cannot be maintained by other persons such as members of the individual's family, unless their own privacy is invaded along with the individual's).

Dated: <u>May 4, 2016</u>

                                         <u>S/ Julie A. Robinson</u>
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE