## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**MINDY M. HOUCK,**

      **Plaintiff,**

      **v.**                                  **Case No. 15-9586-JAR-TJJ**

**CORRECTIONS CORPORATION,**
**OF AMERICA,**

      **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff Mindy M. Houck filed this action seeking monetary damages against Defendant, Corrections Corporation of America ("CCA"), alleging that CCA was negligent in failing to provide a safe environment for Plaintiff in her prison cell and that her privacy has been invaded by CCA because it disseminated personal information regarding Plaintiff's minor child to other inmates.  On January 24, 2017, the Court granted in part Defendant's motion for summary judgment on Plaintiff's negligence claim, directed further briefing on the invasion of privacy claim under Fed. R. Civ. P. 56(f), and denied the motion to exclude expert as moot (Doc. 27). Plaintiff has filed a supplemental response (Doc. 28), and the Court is prepared to rule.  The Court incorporates by reference its Memorandum and Order on CCA's motion for summary judgment, which sets forth in detail the uncontroverted facts and analysis of Plaintiff's invasion of privacy claim.

Plaintiff contends that CCA invaded her privacy during her incarceration by publishing information about her minor child on four disciplinary reports disseminated to third- party inmates, and that this invasion of privacy caused her physical and mental distress.  As discussed, Plaintiff clarified that her invasion of privacy claim is based on the "intrusion upon seclusion"

theory, defined by the Restatement defines as "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable man."[1]  The Kansas Supreme Court has recognized a cause of action based on this theory, holding that to prevail upon such a claim, it is necessary to establish two factors: "[f]irst, something in the nature of an intentional interference in the solitude or seclusion of a person's physical being, or prying into his private affairs or concerns; and second, that the intrusion would be highly offensive to a reasonable person."[2]  The essence of this claim "is that an individual's right to be left alone is interfered with by defendant's physical intrusion, or by an intrusion of defendant using his or her sensory facilities."[3]  As Comment b to § 652B of the Restatement (Second) of Torts explains:

> The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home.  It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires.  It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents.  The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined.

"While liability for the intrusion does not require publication of a plaintiff's private affairs, it does require that the defendant place himself physically, or by means of his senses,

---

[1]*Froelich v. Adair*, 516 P.2d 993, 995–96 (Kan. 1973) (quoting Restatement (Second) of Torts § 652B (1977)).

[2]*Werner v. Kliewer*, 710 P.2d 1250, 1255 (Kan. 1985) (citing *Froelich*, 516 P.2d at 995).

[3]*Peterson v. Moldofsky*, No. 07-2603-EFM, 2009 WL 3126229, at *3 (D. Kan. Sept. 29, 2009) (quoting *Finlay v. Finlay*, 856 P.2d 183, 189 (Kan. Ct. App. 1993)).

within plaintiff's zone of privacy."[4]  "Consequently, it is both the manner of intrusion as well as the nature of the information acquired that must rise to the level of being highly offensive to a reasonable person."[5]  The defendant's motive or malice is not an element, "for liability turns upon the defendant's actions as opposed to motives."[6]

Here, there is no allegation that CCA intruded physically, or by means of its senses, into the presence of Plaintiff.  Indeed, inmates do not have a reasonable expectation of privacy in their mail while incarcerated at CCA, as clearly outlined in the Inmate Handbook.  Plaintiff does not challenge CCA's mail inspection policies.  Instead, Plaintiff alleges that CCA "otherwise intruded" on her private affairs or concerns and that the nature of information disseminated in the disciplinary reports to other inmates was highly offensive to her as a parent.  Plaintiff further asserts that CCA has not, and cannot offer any explanation as to why this conduct occurred, and that the information about her daughter was "inexplicably added to these reports in parentheticals."  But as the parties stipulated in the Pretrial Order, this information had already been obtained and used by the inmates involved:

> 6. On July 31, 2015 and August 6, 2015, CCA-Leavenworth employees conducted an investigation into the unauthorized use of mail by several inmates.

> 7.  As a result of the investigation, several inmates were charged with violation of CCA's policies concerning the use of mail correspondence by using manipulated addresses to improperly correspond with other inmates, and were issues disciplinary reports.

> 8. On the disciplinary report for each inmate charged, **CCA employees identified the mailing address used by the inmates**, i.e. Kensley Jo L. Houck, 1488 White Street, Leavenworth, Kansas 66048.  The disciplinary reports were disseminated to each of the inmates charged.[7]

---

[4]*Finlay*, 856 P.2d at 190.

[5]*Werner*, 710 P2d at 1256.

[6]*Froelich*, 516 P.2d at 997.

[7]Pretrial Order, Doc. 25 at 2–3 (emphasis added).

Based on the record before it, including the supplemental brief submitted by Plaintiff as directed, the Court finds that a reasonable jury would not conclude that Plaintiff suffered an intrusion upon seclusion within the meaning of § 652B of the Restatement.  While Plaintiff no doubt found the dissemination of this information highly offensive as a parent, the record indicates it was the other inmates who intruded on her private affairs by using the name and address of her minor daughter to improperly correspond with other inmates, and that information was obtained by CCA via the monitoring of incoming and outgoing inmate mail.  Accordingly, CCA is also granted summary judgment on Plaintiff's invasion of privacy claim under the theory of intrusion upon seclusion.[8]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant CCA's Motion for Summary Judgment (Doc. 23) is GRANTED;

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Exclude Expert (Doc. 24) is DENIED as moot.

**IT IS SO ORDERED.**

Dated: <u>February 27, 2017</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8]Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party").